■ ANN HALPERN et al., Respondents, v. EMILY CARNEY, Appellant.— In a negligence action to recover damages for personal injuries of both plaintiffs, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered February 9, 1973, against her, upon a jury verdict of $82,000 for plaintiff Ann Halpern and $1,000 for plaintiff Elaina Pickwood. Judgment affirmed insofar as it is in favor of plaintiff Elaina Pickwood, without costs. Judgment reversed insofar as it is in favor of plaintiff Ann Halpern, on the law, and, as between defendant and said plaintiff, action severed and new trial granted, limited to the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, said plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $40,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment as to said plaintiff, as so reduced and amended, is affirmed, without costs. Appellant raised no questions of fact and none were considered on this appeal. The amount of the verdict in favor of plaintiff Ann Halpern was excessive to the extent indicated herein. Martuscello, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ WALTER HANDLIN, Appellant, v. WALTER J. FLOOD, Warden of the Nassau County Jail, Respondent.— In a proceeding pursuant to article 78 of the CPLR by an inmate of the Nassau County Jail to annul respondent's determination that petitioner shall lose seven days of "good-time credit", the appeal is from a judgment of the Supreme Court, Nassau County, entered April 6, 1973, which dismissed the petition. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse and grant the petition, with the following memorandum: In my opinion, respondent's determination, without a hearing, to deprive petitioner of seven days of "good time" jail credit for failure to have his hair cut, is an undue curtailment of petitioner's civil rights, particularly since petitioner infers that his religion requires that his hair be uncut.